## WAKELY v THE AMERICAN LOAN & REALTY CO

Ohio Appeals, 2nd Dist, Greene Co

No 444. Decided December 1, 1938

McLaren and Mathews, Dayton, for plaintiffs-appellants.

E. D. Smith, Xenia, for defendant-appellee.

## OPINION

### BY THE COURT:

Plaintiffs' action was at law for money only. Defendant answered and cross-petitioned for money only. Issues being joined the cause was tried to a judge without the intervention of a jury. The trial judge rendered a written opinion and upon this opinion, dated July 21, 1938, an entry was filed which sets forth a finding for the defendant on the plaintiffs' petition and for the plaintiffs on the defendant's cross-petition and judgment is entered against the plaintiffs for costs incurred on their petition, including the fees of the Court Reporter and against the defendant for costs incurred on its cross-petition. On the same date, namely July 21, 1938, a motion for new trial was filed by plaintiffs. August 16, 1938 a written decision was filed overruling the motion and on August 19, 1938 an entry was spread upon the record overruling the motion for new trial. The only entry purporting to be a judgment is that of July 21, 1938.

On September 3, 1938 plaintiffs gave notice of appeal,

"from a judgment rendered by the Court of Common Pleas in the above entitled cause on the 19th day of August, 1938".

The appeal was noted as on questions of law.

In the situation exemplified by the foregoing entries we are required to say that there is no final judgment upon which the appeal can be predicated. §11599, GC, Boedker v N. E. Richards Co., 124 Oh. St 12. The syllabi of this case and the opinion are both pertinent but especially is the statement of Chief Justice Marshall at page 18,

"After the amendment of 1902, the clerk had no power to enter judgment until after the time had expired for the filing of mo-

tion for new trial. * * * If the clerk was without power to enter a judgment until after expiration of the time for the filing of a motion for a new trial, it is difficult to say upon what principle the court could enter the judgment."

And at page 19,

"The fact that a jury was waived in the instant case does not affect the principle involved. Technically speaking, the finding of the court would not be the verdict of a jury, but the rights of the parties would be the same in either event. * * * We have therefore reached the conclusion that the first judgment, entered within the three day period, when a judgment could not have been entered upon the verdict of a jury, was ineffective to start the running of the limitation."

We regret, as we know counsel will, that this case cannot be determined upon the proceedings now pending here. We have examined the case on its merits and were prepared to write an opinion thereon. However nothing to advantage would be accomplished in attempting to entertain and consider an appeal which had not the basis of a judgment or final order to support it. To do so would be to assume jurisdiction which we do not possess and which cannot be given by the consent of the parties.

It may be said a final judgment entry may be prepared and filed at any time after this cause is remanded to the Common Pleas Court and if plaintiffs desire to perfect their appeal it may be done by compliance with the statutory provisions relative thereto.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.